UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRYN W. BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | No. CV-09-03040-CI<br><br>ORDER GRANTING STIPULATED<br>MOTION FOR REMAND PURSUANT<br>TO SENTENCE FOUR OF 42<br>U.S.C. 405(g) |

  BEFORE THE COURT is the parties' stipulated Motion for remand of the above-captioned matter to the Commissioner for additional administrative proceedings. (Ct. Rec. 31.) Attorney D. James Tree represents Plaintiff Darryn W. Baker; Special Assistant Untied Sates Attorney David R. Johnson represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After considering the stipulation of the parties,

  **IT IS ORDERED:**

  1. The parties' stipulated Motion for Remand **(Ct. Rec. 31)** is **GRANTED**. The above-captioned case is **REVERSED** and **REMANDED** to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On remand, a different administrative law judge (ALJ) will:

  a. Re-contact Dr. Hartman for clarification of her opinion as previously ordered, document the file to show what re-contact efforts are made, and document the file with all

ORDER GRANTING STIPULATED MOTION FOR REMAND - 1

        responses and/or lack of responses;

  b.  Reevaluate the medical evidence from Dr. Hartman and Dr. Mabee and incorporate the relevant limitations and abilities into a residual functional capacity finding or provide specific explanation and reasoning for the weight given to their opinions;

  c.  Re-assess the Plaintiff's mental residual functional capacity providing supporting rational for the assessed limitations;

  d.  Obtain testimony from a medical expert in internal medicine or other appropriate specialty to clarify whether onset of disability could be inferred to have occurred prior to January 1, 2010 (the currently established disability onset date), either due to the claimant's liver disease meeting or equaling the Listing 5.05 or due to his combination of impairments meeting or equaling another Listing prior to January 1, 2010, after the effects of drug abuse and alcoholism are separated out;

  e.  If Plaintiff does not meet or equal a Listing, consult the medical expert to aid in assessing the limitations that result from the claimant's impairments;

  f.  Obtain supplemental testimony from a vocational expert and ascertain whether the vocational expert's testimony is consistent with information in the DICTIONARY OF OCCUPATIONAL TITLES;

2.  The ALJ will perform any further development and conduct further proceedings deemed necessary. The ALJ and Plaintiff may also raise and pursue additional issues, including any discussed in

ORDER GRANTING STIPULATED MOTION FOR REMAND - 2

Plaintiff's brief.

3. Judgment shall be entered for the **PLAINTIFF**.

4. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 25**) is dismissed as moot.

5. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to enter this Order, forward copies to counsel, and thereafter shall close this file.

DATED June 29, 2010.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING STIPULATED MOTION FOR REMAND - 3